UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRES RAMON MELO, | ) |
|      Plaintiff, | ) |
| v. | ) Civil Action No.<br>) 15-13472-FDS |
| LAWRENCE PLAZA LIMITED<br>PARTNERSHIP, | ) |
|      Defendant. | ) |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

**SAYLOR, J.**

     Plaintiff Andres Ramon Melo brought this action against defendant Lawrence Plaza Limited Partnership under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. On August 17, 2016, plaintiff accepted defendant's offer of judgment. Plaintiff has moved for an order awarding attorneys' fees, litigation costs, and other expenses pursuant to 42 U.S.C. § 12205. For the following reasons, plaintiff's motion will be granted in part and denied in part.

**I.    Background**

     According to the complaint, Andres Melo is disabled and uses a wheelchair for mobility purposes. He acts as a "tester" on behalf of other persons with disabilities to discover discrimination against the disabled in public accommodations. Melo tests reported barriers to access and, in some instances, proceeds with legal action seeking to enjoin such barriers on the ground that they constitute illegal discrimination against the disabled.

     In bringing this action, Melo is represented by Attorneys Todd Shulby of Weston,

Florida, and Edward Garno of Lowell, Massachusetts, with whom he has worked many times in the past.  Since November 2009, Melo has filed no fewer than 56 lawsuits in the District of Massachusetts alone against various businesses and individuals alleging ADA violations.[1]  In all of these cases, Melo was represented by Shulby and Garno together, or Garno alone.[2]  Of these cases, Melo petitioned the court for attorneys' fees and costs in only one, following defendants' default in that case.  *See* Pl. Mot. for Attorneys' Fees, *Melo v. U.S. Plaza et al.,* No. 12-12259-GAO (D. Mass. Dec. 1, 2012), Docket No. 44.  The other cases were voluntarily dismissed, often within a matter of months, presumably following either a quick settlement agreement or a determination that the case had no merit.

Defendant Lawrence Plaza Limited Partnership owns a strip shopping center called "Stadium Plaza" in Lawrence, Massachusetts.  The complaint alleges that Melo visited Stadium Plaza both for personal reasons and in his capacity as a tester, and discovered a number of physical barriers and conditions that render the facility inaccessible to people with disabilities.  Compl. ¶ 17.  On September 30, 2015, Melo brought suit against Lawrence Plaza L.P., alleging multiple violations of the ADA and seeking injunctive relief to remove physical barriers to access at Stadium Plaza.

---

[1] For the sake of convenience, the Court will list only the docket numbers: 1:14-cv-14394-MLW; 1:16-cv-10730-DLC; 1:16-cv-10731-DPW; 1:09-cv-11867-PBS; 1:10-cv-10198-NMG; 1:10-cv-10811-RWZ; 1:11-cv-10617-WGY; 1:14-cv-12126-GAO; 1:14-cv-13285-MLW; 1:14-cv-14130-MPK; 1:14-cv-14131-NMG; 1:14-cv-14219-DJC; 1:15-cv-10830-RWZ; 1:15-cv-11173-LTS; 1:15-cv-11822-DJC; 1:15-cv-11904-LTS; 1:15-cv-13471-ADB; 1:15-cv-13472-FDS; 1:15-cv-13473-RWZ; 1:15-cv-13474-FDS; 1:15-cv-13475-FDS; 1:09-cv-11476-DJC; 1:10-cv-10866-LTS; 1:10-cv-12257-RGS; 1:11-cv-10028-GAO; 1:11-cv-10029-JGD; 1:11-cv-10030-RBC; 1:11-cv-10031-JLT; 1:11-cv-10519-DPW; 1:11-cv-11324-WGY; 1:11-cv-11528-LTS; 1:11-cv-11607-RBC; 1:12-cv-11058-MPK; 1:12-cv-12211-DPW; 1:12-cv-12212-JLT; 1:12-cv-12257-DPW; 1:12-cv-12258-DJC; 1:12-cv-12259-GAO; 1:13-cv-10945-JLT; 1:13-cv-11120-MBB; 1:13-cv-11158-GAO; 1:13-cv-11205-GAO; 1:13-cv-11270-FDS; 1:13-cv-11315-DJC; 1:13-cv-11356-DPW; 1:13-cv-12424-RGS; 1:13-cv-13289-JCB; 1:13-cv-13294-JGD; 1:14-cv-14395-MBB; 1:15-cv-10101-ADB; 1:16-cv-11838-GAO; 1:16-cv-11919-DPW; 1:16-cv-12628-LTS; 1:16-cv-12629-LTS; 1:16-cv-12635-NMG; 1:16-cv-12640-DJC.

[2] The cases in which Garno represented Melo without Shulby's assistance were voluntarily dismissed shortly after they were filed, presumably before Shulby filed a motion for admission *pro hac vice*.

Lawrence Plaza L.P. filed an offer of judgment on August 3, 2016. The offer of judgment proposed a permanent injunction requiring it to bring Stadium Plaza fully into compliance with the ADA by November 30, 2016. It offered Melo the option of either accepting $2,500 in attorneys' fees or filing a motion with the court to assess fees. On August 17, 2016, Melo accepted the offer of judgment. He has moved for attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

## II.    Analysis

The ADA provides that "[i]n any action . . . commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 12205. In the First Circuit, courts follow the so-called "lodestar" method for calculating reasonable attorneys' fees. *Tennessee Gas Pipeline Co. v. 104 Acres of Land*, 32 F.3d 632, 634 (1st Cir. 1994); *see also Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011). The lodestar method involves "multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure." *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

In fashioning the lodestar, the first step is to calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *see also Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984) (explaining that a court should subtract "hours which [are] duplicative, unproductive, excessive, or otherwise unnecessary"). "[T]he court has a right—indeed, a duty—to see whether counsel substantially exceeded the bounds of reasonable effort." *United States v. Metro. Dist. Comm'n*, 847 F.2d 12, 17 (1st Cir. 1988) (quotation omitted).

3

After determining the number of hours reasonably expended, a court's second step in calculating the lodestar requires a determination of a reasonable hourly rate—a determination that is benchmarked to the "prevailing rates in the community" for lawyers of like "qualifications, experience, and specialized competence." *See Gay Officers League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001). In determining a reasonable hourly rate, a court must consider "the type of work performed, who performed it, the expertise that it required, and when it was undertaken." *Grendel's Den*, 749 F.2d at 951. The moving party bears the burden of establishing an attorney's level of skill and experience, and when that party fails to provide documentation as to the attorney's qualifications, a court may reduce the hourly rate. *See, e.g.*, *Martinez v. Hodgson*, 265 F. Supp. 2d 135, 142 (D. Mass. 2003).

After determining the reasonable number of hours and hourly rate, the court may adjust the lodestar upward or downward based on a number of factors. *Spooner v. EEN, Inc.*, 644 F.3d 62, 68 (1st Cir. 2011). Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Diaz v. Jiten Hotel Mgmt.,* 741 F.3d 170, 177 n.7 (1st Cir. 2013) (quoting *Hensley,* 461 U.S. at 430 n.3).

A. **Attorney's Fees**

   1. **Time Reasonably Expended**

     a. **Shulby's Time**

Attorney Shulby has requested 46.7 hours in compensation, at a rate of $350 per hour, for

4

a total charge of $16,345 in attorney's fees. He has submitted a statement demonstrating how those hours were purportedly spent. *See* Shulby Statement of Attorney's Fees, Docket No. 36-1. His activities can be categorized as follows: (1) 2.5 hours spent drafting pleadings and motions concerning scheduling, totaling $875; (2) 16.1 hours spent drafting the motion for attorneys' fees, totaling $5,635; (3) 8.9 hours spent drafting discovery documents and motions concerning discovery responses, totaling $3,115; (4) 2.7 hours spent drafting settlement documents, totaling $945; (5) 10 hours spent drafting and reviewing correspondence from opposing counsel, totaling $3,500; and (6) 3.4 hours spent researching the property, totaling $1,190.

In determining the amount of time reasonably expended in litigating this action, it is necessary to consider the extent of Shulby's experience litigating similar cases. As mentioned, Shulby has represented Melo in more than fifty cases in this district alone. In addition to his cases with Melo, Shulby has been involved in scores of other ADA cases just in this district, to say nothing of those filed across the country. *See Marradi v. Galway House, Inc.*, 2014 WL 1454266, at *1 n.1 (D. Mass. Apr. 15, 2014) (finding that Shulby and Garno worked together on 81 ADA cases in the District of Massachusetts as of April 2014). Shulby has been referred to as "nominal counsel . . . who files hundreds of similar lawsuits nationally each year with the same stable of plaintiffs." *Id*.

The complaints filed in Shulby's ADA cases are nearly identical, with only minor adjustments to reflect the property at issue. In reviewing a motion for attorneys' fees filed by Shulby in a Fair Labor Standards Act case which presented the same circumstances concerning "cut and pasted" complaints filed in multiple actions, a Florida court found it appropriate to "review Shulby's hours very carefully keeping in mind that with his experience, many tasks should have taken a minimal amount of time." *Boyer v. Flagship Auto. Ctr., LLC*, 2013 WL 2467778, at *5 (M.D.

Fla. June 7, 2013). This Court will adopt the same approach.

Shulby contends that he spent 18.6 hours drafting the pleadings and motion for attorneys' fees in this case. These filings largely duplicate similar filings he has made in other cases. Again, the complaint essentially parrots others Shulby has used elsewhere. *See e.g.* Compl., *Melo v. U.S. Plaza et al.,* No. 12-12259-GAO (D. Mass. Dec. 1, 2012), Docket No. 1. Similarly, the motion for attorneys' fees—which Shulby contends took more than one-third of the total time necessary to litigate this case—used the same case citations and otherwise drew language from similar motions Shulby has filed in other cases. *See Melo v. U.S. Plaza et al.,* No. 12-12259-GAO (D. Mass. Feb. 2, 2015), Docket No. 44. Given the duplicative nature of the complaint and the motion for attorneys' fees, an award of one hour for the pleadings and two hours for the motion for attorneys' fees and costs is appropriate, indeed generous under the circumstances. *See Torres-Rivera*, 524 F.3d at 336 (finding that a reviewing court may reduce the number of hours for time "unreasonably, unnecessarily, or inefficiently devoted to the case").

Shulby also contends that he spent 8.9 hours drafting two motions to compel discovery responses and a motion to strike defendant's opposition to the motions to compel. Those motions were terminated after plaintiff accepted defendant's offer of judgment. Given the nature and history of the litigation, it is not even clear why those motions were made, or indeed how much discovery was necessary; if there were ADA violations, they should have been easily discernible from a physical review of the property. Furthermore, the parties were engaging in settlement discussions during the time that the motions to compel were filed. *See* Correspondence Between Attorney Shulby and Joshua Garick, Docket No. 36-7–36-10. The motion to strike defendant's opposition to the motion to compel was filed after defendant filed an offer of judgment, which plaintiff accepted less than two weeks later. It was excessive for

Shulby to expend nearly one-third of the total time spent on the case attempting to compel discovery responses that he must have known would probably be irrelevant or at the very least unimportant. A reduction of the time requested to one hour is appropriate, again probably generous, under the circumstances.

Shulby contends that he spent 10 hours corresponding with opposing counsel, 2.7 hours drafting settlement documents, and 3.1 hours performing case management, for a total charge of $5,530. Although it takes time to negotiate with opposing counsel and to manage a case, it appears that Shulby's charges are substantially inflated. He charged the bulk of this time in 0.1 or 0.2 hour entries, during each of which he reviewed a single docket entry or piece of correspondence. On some days, Shulby claimed multiple charges for 0.1 hours to review individual docket entries or e-mails. For example, on March 23, 2016, Shulby recorded four entries of 0.1 hours, for a charge of $140. Each 0.1 hour entry consists of reading a single piece of correspondence, or drafting a notice of change of address. Shulby likely could have read all three e-mails and drafted a notice of change of address during a single six-minute period, rather than charging for each item separately, reducing the time charged from $140 to $35. The practice of charging for individual tasks in six-minute increments, at least here, has the effect of rounding up the amount of time spent on the case generally. Although prior cases have cautioned attorneys bringing motions for fees against block billing, the practice of billing in six-minute increments for tasks that likely take only seconds to accomplish goes too far in the other direction. *See Ciolino v. Eastman*, 2016 WL 6246757, at *3 (D. Mass. Oct. 25, 2016). Accordingly, the Court will reduce the award in these categories substantially to counteract the augmenting effect of Shulby's time-keeping practice and to reflect the nature of the work.

Shulby's request for 3.4 hours of compensation to research the property appears to be

generally reasonable, as that work was performed in consolidated time periods, and reflected the unique aspects of this case. However, because that was a factual inquiry that could have been performed by a lawyer with less experience or a paralegal for substantially lower billing rates, it is appropriate to reduce the number of hours claimed for that work. *See E.E.O.C. v. AutoZone, Inc.*, 934 F. Supp. 2d 342, 354 (D. Mass. 2013) (finding it appropriate to reduce the number of hours claimed by attorney for time spent on administrative and clerical tasks, including factual research).

### b. Garno's Time

Attorney Garno has requested 7.9 hours in compensation, at a rate of $350, for a total charge of $2,765. His activities can be categorized as follows: (1) 5.1 hours corresponding with Shulby and Melo, totaling $1,785; (2) 1.2 hours preparing and reviewing the file, totaling $420; (3) 0.4 hours reviewing correspondence from defendant, totaling $140; and (4) 1.2 hours conducting a site visit, totaling $420. *See* Garno Statement of Attorney's Fees, Docket No. 36-2.

Based on his time records, it appears that Garno's work in this case was relatively minimal. He did not argue any motion, engage in any correspondence with opposing counsel, or draft a single document for review by either the court or opposing counsel. Docket No. 36-2 at 3. His activities were largely limited to corresponding with Shulby and Melo. According to his records, on two occasions Garno prepared and reviewed the file, at a charge of $420, and once reviewed correspondence from defendants at a charge of $140. It is not clear why he needed to spend almost two hours conducting that review, given that he apparently never spoke with opposing counsel. And it is not clear why he spent 5.1 hours corresponding with Melo and Shulby concerning this matter, given their long history of working together, extensive experience on other cases, and his minimal substantive involvement. Accordingly, the Court will not award

8

Garno any fees for needless time spent reviewing the file and correspondence from opposing counsel, and will substantially reduce the award for time spent in correspondence with Shulby and Melo.

The Court will, however, award the amount requested for a site visit, as that constituted reasonably necessary due diligence in bringing this case.

### 2. **Hourly Rates**

Next, the Court must determine the reasonableness of the requested rates as benchmarked against "prevailing rates in the community." *See Gay Officers League*, 247 F.3d at 295. Both Garno and Shulby have requested an hourly rate of $350. In determining a reasonable hourly rate, a court must consider "the type of work performed, who performed it, the expertise that it required, and when it was undertaken." *Grendel's Den*, 749 F.2d at 951.

Here, Garno and Shulby have supported their billing rate primarily by providing affidavits stating that they are experienced attorneys that bill at a rate of $350 per hour. This may be true, but the Court's determination of the reasonableness of the requested rate must be "based on evidence other than the attorneys' affidavits." *Deary v. City of Gloucester,* 9 F.3d 191, 198 (1st Cir. 1993).

The attorneys have also cited ADA cases in this district in which hourly rates of $150 to $425 were awarded to counsel. *Hutchinson ex rel. Julien v. Patrick*, 683 F. Supp. 2d 121, 129 (D. Mass. 2010), *aff'd*, 636 F.3d 1 (1st Cir. 2011) (finding rates of $250–$425/hour reasonable in an ADA case of great "importance and difficulty, with . . . extremely beneficial results for [a] vulnerable class"); *Iverson v. Braintree Prop. Assocs., L.P.*, 2008 WL 552652, at *3 (D. Mass. Feb. 26, 2008) (finding a rate of $150/hour reasonable in an ADA case to compensate an associate). However, that evidence is likewise inconclusive, because it represents varying circumstances and

too broad a range to determine what rate is warranted here. *See E.E.O.C. v. AutoZone, Inc.*, 934 F. Supp. 2d at 358 (finding that, given the discrepancy in rate awards between judges, "appealing to awards by other judges is moderately helpful, at best" in evidencing a reasonable fee rate).

Considering the type of work performed and the nature of the case, the fee requested for both attorneys is too high. This case was a straightforward ADA compliance case. These attorneys have litigated hundreds, perhaps thousands, of such cases. Although under some circumstances such experience could mitigate in favor of a high rate, this case did not present any unique issues that required particular expertise. Among the dozens of cases Melo has filed using these attorneys, this case is notable only in that the award of attorneys' fees was determined by the Court through an adversarial process. Shulby's work on this matter was limited primarily to making minor modifications to pleadings and motions that were publicly available in other cases, and communicating over email with opposing counsel. Garno's work was even more limited, and he has not shown how the substance of his work—primarily communicating with Shulby and Melo—required his particular skills as an experienced attorney. Given the nature of the case and the circumstances of the litigation, it is appropriate to award Shulby an hourly rate of $250, and Garno an hourly rate of $200.

| **Lodestar Calculation for Attorney Shulby** | | |
|---|---|---|
| **Category** | **Amount requested** | **Amount approved** |
| Research concerning the property | 3.4 hours x $350 = $1,190 | 3 hours x $250 = $750 |
| Correspondence with opposing counsel | 10 hours x $350 = $3,500 | 2.5 hours x $250 = $625 |
| Draft pleadings and motions concerning scheduling | 2.5 hours x $350 = $875 | 1 hour x $250 = $250 |
| Draft settlement documents | 2.7 hours x $350 = $945 | 1.6 hours x $250 = $400 |
| Draft discovery documents, motions to compel, and motion to strike | 8.9 hours x $350 = $3,115 | 1 hour x $250 = $250 |
| Case management | 3.1 hours x $350 = $1,085 | 1.9 hours x $250 = $475 |

| Motion for fees | 16.1 hours x $350 = $5,635 | 2 hours x $250 = $500 |
| Total | **46.7 hours x $350 = $16,345** | **15.2 hours x $250 = $3,250** |

| Lodestar Calculation for Attorney Garno | | |
|---|---|---|
| **Category** | **Amount requested** | **Amount approved** |
| Corresponding with Shulby and Melo | 5.1 hours x $350 = $1,785 | 1.5 hour x $200 = $300 |
| Preparing and reviewing file | 1.2 hours x $350 = $420 | 0 |
| Reviewing correspondence from defendants | .4 hours x $350 = $140 | 0 |
| Site visit | 1.2 hours x $350 = $420 | 1.2 hour x $200 = $240 |
| **Total** | **7.9 hours x $350 = $2,765** | **2.7 hours x $200 = $540** |

Thus, the lodestar calculation results in a $3,250 fee award for Attorney Shulby and a $540 fee award for Attorney Garno, for a total award of $3,790 in attorneys' fees.

### 3. Adjustment

After determining the lodestar, the Court may adjust the award based on, among other things, the extent of a plaintiff's success. *See Diaz,* 741 F.3d at 177 n.7 (1st Cir. 2013). Success is not defined solely by winning or losing a case. Rather, a prevailing party is entitled only to recover for time "productively spent." *United States v. One Star Class Sloop Sailboat Built in 1930 with Hull No. 721, Named ""Flash II"*, 546 F.3d 26, 39 (1st Cir. 2008). In considering the results obtained, the Court may reduce the lodestar for "time invested in issues that are litigated profligately, unnecessarily, or without benefit to the prevailing party." *Id.*

Although plaintiff prevailed in this action, and defendant agreed to make the necessary changes to Stadium Plaza, the strategy plaintiff's counsel pursued in litigating this case was unnecessarily aggressive and resulted in an excessive claim for fees. Much of Shulby's time was spent bringing two motions to compel and a motion to strike defendant's response to the motion to compel. However, those motions were rendered moot when plaintiff accepted defendant's offer of judgment. Shulby has submitted documentation demonstrating that defendant was working on remediating the issues with Stadium Plaza at least as early as February 2016, when

plaintiff's counsel (even according to their own records) had performed no more than seven or eight hours of work on this case. *See* Correspondence Between Shulby and Garrick, Docket No. 36-4. Defendant contends that the parties' settlement discussions after that point concerned the award of attorneys' fees, rather than additional changes to the Plaza. In any event, defendant's offer of judgment "capitulated to [p]laintiff's every demand." Pl. Mem. Supp., 7. The sole issue left undecided by the offer of judgment was the appropriate award of attorneys' fees.

It does not appear that plaintiff's filing of multiple motions concerning discovery and a motion for attorney's fees in any way changed the actions defendant have taken or will take to remediate Stadium Plaza. Thus, it appears that those whom the ADA is intended to help—people with disabilities—did not accrue any additional benefit because of plaintiff's tough stance. Given the results obtained, the Court finds that a further reduction of 10% of the lodestar calculation is appropriate. Accordingly, the Court will award $2,925 in fees to Attorney Shulby and $486 in fees to Attorney Garno, for a total fee award of $3,411.

### B. Costs

Under 42 U.S.C. § 12205, a prevailing plaintiff in an ADA action may be entitled to "litigation expenses, and costs." Defendant contends that these expenses and costs are limited to those recoverable under 28 U.S.C. § 1920—the statute that governs the award of costs to a prevailing party generally—which would preclude the requested compensation for an ADA consultant. Plaintiff contends that 42 U.S.C. § 12205 defines litigation expenses and costs more broadly than 28 U.S.C. § 1920, and permits recovery for the cost of an ADA consultant. The Court need not resolve this question, because plaintiff has not submitted any documentation supporting its request for an ADA consultant. In addition, plaintiff has not supported its request to recover the costs of postage and photocopies. *See Roggio v. Grasmuck*, 18 F. Supp. 3d 49, 61

(D. Mass. 2014) ("While a page-by-page justification is not required, the prevailing party must offer some evidence of necessity.") (quoting *Bowling v. Hasbro, Inc.,* 582 F.Supp.2d 192, 210 (D.R.I. 2008)). Therefore, the Court will exclude these costs, and will award only Clerk's fees, for which supporting documentation has been submitted.

| Category | Amount requested | Amount approved |
|---|---|---|
| ADA Consultant / Pre-Suit Report | $550 | 0 |
| Filing Fee | $400 | $400 |
| *Pro Hac Vice* Fee | $100 | $100 |
| Process service fee for summons and complaint | $65 | $65 |
| Postage costs | $2.62 | 0 |
| Photocopies | $.25 x 250 = $62.50 | 0 |
| **Total** | **$1,180.12** | **$565** |

### III. Conclusion

For the foregoing reasons, plaintiff's motion for attorneys' fees, costs, and other expenses is GRANTED in the amount of $3,411 in fees and $565 in costs, and is otherwise DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: February 6, 2017    United States District Judge